NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Argued April 12, 2013
Decided April 18, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

No. 12-2953

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee,* | District Court for the Western |
| | District of Wisconsin. |
| v. | |
| | No. 3:10-cr-00175-bbc-1 |
| SHAON ARCH, | |
| *Defendant-Appellant.* | Barbara B. Crabb, |
| | *Judge.* |

**O R D E R**

Shaon Arch pleaded guilty to one count of illegally possessing a firearm in violation of 18 U.S.C. § 922(g)(1). A PSR was prepared, which calculated Arch's base offense at 14 because he had prior drug convictions that did not meet the definition of a controlled substance violation

under U.S.S.G. § 4B1.2.  The probation office later submitted an addendum to the PSR, increasing Arch's base level from 14 to 20 pursuant to § 2K2.1(a)(4).  This increase was based on a prior drug conviction for conspiracy in Cook County Circuit Court in Chicago, Illinois. The probation office relied on a copy of the underlying indictment, which charged Arch with delivering cocaine in violation of the relevant Illinois complied statutes, in making this increase. The district court accepted the elevated U.S. Sentencing Guidelines range and sentenced Arch to 84 months' imprisonment, followed by 3 years of supervised release.

Arch now contends the elevated base offense level in the addendum was improper because the underlying indictment includes counts that were later dismissed.  In other words, the district court could not reasonably rely on the document to increase his sentence under § 2K2.1(a)(4) because the document did not explain whether Arch had been convicted of a distribution offense, which satisfies § 4B1.2, or a possession offense, which might not.

At oral argument, Arch's counsel presented the Court with a newly-discovered document that shows Arch's charges from the drug conspiracy indictment were amended.  The parties then stated that they were in agreement the case should be remanded to determine whether the newly-discovered document would have affected Arch's sentence.  In light of this document and the parties' agreement, we **REMAND** this case for further consideration.